UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-10029 |
| ) | |
| LARRY CAFFIE, ) | |
| ) | |
| Defendant. ) | |

# O R D E R

Before the Court is Defendant's Motion to Suppress [Doc. #14] evidence of drug trafficking seized under a state search warrant for his residence at 1132 North State Street, Bloomington, Illinois. Defendant's challenge to the warrant is based upon his contention that a *Franks* hearing is warranted. (See *Franks v. Delaware*, 438 U.S. 154 (1978)).

Essentially, Defendant contends that there was not probable cause for issuance of the warrant in violation of his Fourth Amendment rights under the United States Constitution. The rubric of his contention is a demand for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Under *Franks*, if Defendant can make a substantial preliminary showing that the finding of probable cause for the warrant was based upon material false statements made intentionally or with reckless disregard of the truth, he is entitled to an evidentiary hearing on the issue and to have the warrant quashed or the evidence suppressed upon proof of material false or reckless statements in the affidavit which were essential to the finding of probable cause. The basis for a *Frank's* hearing in this case is Defendant's argument that the police affiant failed

to disclose certain material information in his affidavit in support of the search warrant: (1) it failed to disclose five prior felony convictions of the confidential source involved in the controlled buy of drugs from Defendant which goes to the credibility of the confidential source; (2) there is no clear admission that neither the controlled buy nor past police surveillance of Defendant involved any direct drug sales at Defendant's residence; and (3) that a vehicle (a maroon Buick bearing temporary license plate 936F025) involved in the controlled buy was seen earlier leaving Defendant's residence.  Under applicable Seventh Circuit jurisprudence, omitted statements in an affidavit are tested under the same standard established under *Franks* for false statements.  See *U.S. v. McNeese*, 901 F.2d 585, 594 (7th Cir. 1990):  "The omission of a fact from an affidavit is material only if it amounts to deliberate falsehood or reckless disregard for the truth." Id. at 594.  Distinguishable from the other two asserted omissions, the failure to provide information in the affidavit connecting the drug dealing activities of Defendant to his residence would be material in the determination of probable cause.  However, there is no showing of a deliberate falsehood or reckless disregard for the truth, therefore a *Franks* hearing is not warranted.  However, this does not end the analysis.  Simply because a *Franks* hearing is not warranted does not mean that there was probable cause for the warrant.  There still must be shown a connection between Defendant's drug dealing and his residence.  Because the affidavit speaks for itself, there is not any dispute as to the relevant facts, and the Court can decide the issue of

probable cause without the evidentiary hearing scheduled for January 2, 2007 at 1:30 p.m.

"An affidavit has made a proper showing of probable cause when it set forth facts sufficient to induce a reasonably prudent person to believe that a search therein will uncover evidence of a crime." *U.S. v. McNeese*, 901 F.2d at 592.  "In deciding whether a search warrant is supported by probable cause, courts must use the flexible totality of the circumstances standard set forth in *Illinois v. Gates*, 462 U.S. 213 (1983)."  Id. at 592.  As observed by the Circuit Court in *McNeese*, "the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."  Id. at 592.

In the case at bar, there are no statements in the affidavit to connect the observed drug dealing of Defendant, including the controlled buy by the confidential source, with Defendant's residence except apparently an unstated assumption that if Defendant is dealing drugs, he probably stores the drugs or items related thereto at his residence.  There is case law in other circuits countenancing this inference as being the type of "practical common sense" assumption contemplated by our circuit in *McNeese*.  See *U.S. v. Fama*, 758 F.2d 834 (2nd Cir. 1985); and *U.S. v. Reyes*, 798 F.2d 380 (10th Cir. 1986).  There is enough factual support for this presumption in the supporting affidavit of Detective Michael Gray, who avers that he "is aware from his training and extensive experience in narcotics investigations in

McLean County that controlled substances can be and are typically hidden throughout so-called 'drug houses' in various locations of said residences" . . . [and] that "drug transactions are often initiated via telephone or with the use of electronic pagers and often times those that sell drugs from said locations will hide or destroy the drugs and/or its proceeds somewhere on their person or persons of others within the residence."

The Court does not find this expert opinion of Officer Gray to be immune from a contrary interpretation since there is nothing in the affidavit to show that Defendant's residence had ever been identified as a "drug house" which is critical to Officer Gray's opinion that drugs are often secreted inside such houses. Assuming *arguendo*, that the absence of that connection would support a finding of a lack of probable cause, this would not be fatal because there is enough factual support to sustain the search and seizure under the "good faith" exception to the exclusionary rule provided by *United States v. Leon*, 468 U.S. 897 (1984). For all these reasons, the motion to suppress is DENIED. The hearing scheduled for **January 2, 2007, is vacated**. This case is set for **status review and personal appearance of Defendant for Friday, December 8, 2006, at 2:30 p.m.**

Entered this   28th   day of November, 2006.


                                         s/Joe Billy McDade
                                        JOE BILLY McDADE
                                    United States District Judge

4