## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  06-10029 |
| | ) | |
| LARRY J. CAFFIE, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

Defendant has filed a second Motion for Reconsideration (Doc. #22) of the Order of November 28, 2006 (Doc. #18) denying his Motion to Suppress (Doc. #14).  Having considered the motion and Government's response (Doc. #28 and 28-2), the Motion for Reconsideration is DENIED for the reasons that follow.

As discussed in the November 28th Order, Defendant believes that he is entitled to a *Franks* hearing based upon his claim that the affidavit for the search warrant that was issued to search the premises at 1132 N. State Street, Bloomington, Illinois, contained materially false statements intentionally made to mislead the issuing magistrate judge into believing that several drug transactions between Defendant and a CS on March 21st, 24th, and 28th involved or was otherwise connected to the premises at 1132 N. State Street.  Specifically, Defendant challenges the truth of information in the supporting affidavit that at the time of the alleged drug transactions, he was surveilled leaving the premises at 1132 N. State Street in a maroon-colored Buick bearing Illinois temporary license plate TLP936F025; that he resided at the State

Street address; that the telephone number allegedly called by the CS to instigate the drug transactions was subscribed to by him at that location; and that the maroon Buick vehicle was registered to him.  According to Defendant, this allegedly false information was intentionally included in the affidavit for the search warrant and amounted to a deliberate falsehood or a reckless disregard for the truth, and had the effect of misleading the issuing magistrate to believe there was some connection between him and his alleged drug transactions with the premises at 1132 N. State Street.  Defendant argues that he has witnesses who will corroborate his claim that he was not at the State Street dwelling as stated in the affidavit.

Unfortunately, Defendant's challenge to the affidavit misses the basis for the Court's finding that there was the requisite nexus or connection between Defendant's two drug transactions on May 21st and 24th and the premises at 1132 N. State Street.  The affidavit reflects that Defendant gave this address as his address on appearance bond papers filed in a pending traffic case against him in McLean County Circuit Court, Case No. 06-TR-5607.  The maroon Buick with temporary license plate TLP936F025 (which was involved in the drug transaction by Defendant) was seen leaving from the driveway of 1132 N. State Street; these are the material facts relied upon by the Court in the Order of November 28, 2006: these facts are sufficient to warrant a reasonable police officer to believe that Defendant was a drug dealer and resided at 1132 N. State Street and probably stored drugs or drug paraphernalia there or on his person.  None of these facts are seriously disputed by

Defendant and do not warrant an evidentiary hearing.  Consequently, the Court finds no reason to reconsider its Order of November 28, 2006.

ENTERED this 9th  day of March, 2007.


                                        s/Joe B. McDade
                                        JOE BILLY McDADE
                                   United States District Judge